UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>Jeffrey Arena,<br><br>                              Defendant. | Case No.:  20cr2436-JLS<br><br>**ORDER AND FINDINGS OF FACT** |

1. On December 7, 2020, the Chief Judge of this Court, citing a resurgence of the COVID-19 pandemic, entered Order of the Chief Judge (OCJ) 52A.  That Order reinstated a temporary moratorium on jury trials and most other in-person criminal proceedings that were scheduled to begin before January 8, 2021.  OCJ 52A augmented earlier emergency Orders that remain in place, including OCJ 18, which has been renewed every thirty days since it was first issued on March 17, 2020.  The Chief Judge determined that because of the recent spike in COVID-19 infections, many of the emergency circumstances cited in the first paragraph of OCJ 18 had reemerged, and he incorporated by reference the findings set forth in the first paragraph of that Order into OCJ 52A.

//

//

//

2. On January 4, 2021, the Chief Judge entered OCJ 52B. That order extended OCJ 52A and will expire on January 22, 2021. On January 13, 2021, the Chief Judge entered OCJ 52C. Based upon our county's continued status in the most restricted tier, and the renewed danger to health and safety posed by the recent resurgence of the COVID-19 pandemic, OCJ 52C extends OCJ 52B until Friday, February 5, 2021.

3. Now therefore, for the reasons set forth in OCJ 52A, and for additional reasons recited below, this Court finds that the ends of justice are served by a continuance in this case, and that the need for a continuance outweighs the best interest of the public and defendant in conducting a trial and related criminal proceedings according to the time tables required by law in non-emergency conditions. The Court further finds that failure to grant a continuance will deprive all counsel – Government and defense – reasonable time necessary for effective preparation, notwithstanding their due diligence, and will result in the futility of proceedings.

4. The facts supporting these findings are well established and not reasonably subject to dispute. After the number of COVID-19 infections had fallen to new lows during the summer months of 2020, suddenly in November 2020, San Diego and Imperial Counties experienced a surge in new COVID-19 infections. Hospital intensive care unit capacity in both counties fell below 15%. In response, on December 6, 2020, the State of California and the County of San Diego ordered a three-week lock down of most businesses and ordered residents to stay at home to prevent the spread of COVID-19. The state and county orders forbade most social gatherings and limited operations taking place inside facilities to 20% of the usual capacity of the facilities.

5. The operation of the criminal justice system has been profoundly hindered by the resurgence of the COVID-19 virus and by the measures enacted to stem the spread of the virus. For example, periodic quarantines of varying duration have recently been imposed at local federal detention facilities as rising numbers of inmates have tested positive for the virus. Because of these restrictions, detainees have been unable to meet personally with their defense counsel or to communicate with counsel via

videoconferencing or in some cases even by telephone. Consequently, the ability of defense counsel to effectively represent their clients has been temporarily frustrated. The "stay-at-home" edicts issued by the State of California and the County of San Diego have also made it difficult for the Court to convene grand juries, to empanel the required number of trial jurors, and to secure the attendance of necessary witnesses for evidentiary proceedings. Additionally, more than half of this Court's staff are currently staying home and are unavailable to assist with the day-to-day operations of the Court. Similar staffing restrictions affect the United States Attorney's Office for the Southern District of California and Federal Defenders of San Diego, Inc., impeding the ability of lawyers and staff to perform their functions. Lawyers on the Court's Criminal Justice Act Panel have likewise been adversely affected by the restrictions brought about by the COVID-19 pandemic.

6. Because of the foregoing, the Court finds that criminal proceedings in this case cannot proceed as usual at the present time and must be postponed. The Court further finds that the usual deadlines set forth in the Speedy Trial Act, the Federal Rules of Criminal Procedure, and in other provisions of the U.S. Code must be and are tolled, including in particular the deadlines for conducting preliminary hearings under Fed. R. Crim. P. 5.1 and for commencement of trial under 18 U.S.C. § 3161(c)(1).

7. The Court finds that the ends of justice are served by continuing proceedings in this matter, and that the need and justifications for a continuance outweigh the interest of the public, of the government, and of criminal defendants in a speedier trial and criminal proceedings. The Court further finds that the period of delay necessitated by these emergency circumstances should be, and is, excluded under the Speedy Trial Act, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(B)(iv).

8. As an alternative basis for these findings, the Court relies on the previously issued Judicial Emergency Declaration, first issued by the Chief Judge on March 17, 2020, pursuant to 18 U.S.C. § 3174(c), and thereafter extended by the Judicial Council of the Ninth Circuit until April 17, 2021. The recent spike in COVID-19 infections supports

continued reliance on the Judicial Emergency Declaration as an additional basis for this Court's findings that a continuance of this matter serves the interests of justice and that time limits should be tolled in this case.

   IT IS SO ORDERED.

Dated:  2/2/2021

_____
Honorable Janis L. Sammartino
United States District Judge